1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DONALD M. BIRD,                         No. CIV S-10-0477-MCE-CMK

12              Plaintiff,

13       vs.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   CLAY PARKER,

15              Defendant.

16   _____/

17          Plaintiff, who is proceeding pro se, brings this civil action seeking a writ of

18   mandamus.  Plaintiff seeks issuance of a writ of mandamus directing defendant Clay Parker, who

19   is alleged to be the Tehama County Sheriff, to arrest Jim Nielsen, who is a member of the

20   California State Legislature.

21          Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their

22   respective jurisdictions. . ."   In addition, the district court has original jurisdiction under 28

23   U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of

24   mandamus to "compel an officer or employee of the <u>United States or any agency thereof</u> to

25   perform a duty. . ."  28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with

26   very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of

mandamus commanding action by a state or its agencies.  See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).  Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act.  See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

The court lacks jurisdiction to consider plaintiff's request for issuance of a writ of mandamus because the federal court cannot issue such a writ directed to an individual who is not an agent of the United States.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 18, 2010

Craig M. Kellison
_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE