UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRANCISCO VICTORIA,

        Plaintiff,

   v.

JPMORGAN CHASE BANK;
WASHINGTON MUTUAL BANK;
and DOES 1 through 100,
inclusive.

        Defendants.
_____/

NO. CIV. S-09-2059 LKK/KJM

O R D E R

Plaintiff brings several causes of action against bank defendants concerning his home mortgage and foreclosure thereon. On December 29, 2009, this court granted in part and denied in part defendant JP Morgan Chase N.A.'s motion to dismiss plaintiff's complaint. In that order, the court granted plaintiff leave within twenty (20) days to file an amended complaint.[1] Accordingly,

---

[1] The court notes that leave to amend is not an order that plaintiff must amend. Rather, if plaintiff does not file an amended

1

plaintiff was given leave to file an amended complaint through January 19, 2010. On February 18, 2010, defendant JP Morgan Chase N.A. filed a motion to dismiss on the grounds that plaintiff failed to file an amended complaint, which is set to be heard on March 22, 2010. On March 8, 2010, plaintiff filed an opposition to defendant's motion, which was essentially a motion for leave to file an amended complaint. Plaintiff's attorney declares that he failed to timely file his amended complaint because he was unable to attend this court's September 28, 2009 hearing on defendant's motion to dismiss plaintiff's original complaint. This argument is nonsensical in that plaintiff was granted leave to amend his original complaint in the December 29, 2009 order. Leave to amend was not discussed or considered at the September 28, 2009 hearing.

    On September 29, 2009, the court filed an order setting a status (pretrial scheduling) conference for February 22, 2010 at 1:30 p.m. Parties were instructed to file status reports ten (10) days prior to the status conference. Plaintiff failed to file a status report, despite being called by chambers on February 19, 2010 to remind him to submit the report. Accordingly, on February 22, 2010, this court ordered plaintiff's counsel to show cause for his failure to file a status report. Plaintiff's counsel was given fourteen days to file a response, in writing, as to why sanctions in the amount of $150 should not issue. Plaintiff's response was due on March 8, 2010. Plaintiff failed to file a response.

---

complaint, he will only be proceeding on claims that survived the motion to dismiss.

2

Further, on February 22, 2010, the court continued the status conference until March 15, 2010 at 1:30 p.m. Accordingly, plaintiff's status report was due to be filed on March 4, 2010. Despite having been called by chambers to file a status report and having received an order to show cause for his failure to file a status report, plaintiff has again failed to file a status report before the rescheduled status conference.

For the foregoing reasons, the court orders as follows:

1. Counsel for plaintiff is SANCTIONED in the amount of one hundred and fifty ($150.00) dollars for his initial failure to file a status report. This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the date of this order. Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.

2. Counsel for plaintiff is ORDERED TO SHOW CAUSE in writing why a sanction of dismissal of this case should not issue, in accordance with Local Rule 110, within fourteen (14) days of the issuance of this order for (a) his failure to file a response to this court's February 22, 2010 order to show cause, (b) his failure to timely file an amended complaint, and (c) his second failure to

|   |   |   |
|---|---|---|
| 1 |   | file a status report. See Fed. R. Civ. P. 41(b), <u>Link v.</u> |
| 2 |   | <u>Wabash R.R.</u>, 370 U.S. 626, 633 (1962). As discussed |
| 3 |   | above, the inability of plaintiff's counsel to attend |
| 4 |   | the September 28, 2009 hearing does not constitute good |
| 5 |   | cause. |
| 6 | 3. | Counsel for plaintiff is further ORDERED TO SHOW CAUSE |
| 7 |   | in writing why this court should not order the Clerk of |
| 8 |   | the Court to serve a copy of this order and any |
| 9 |   | subsequent order sanctioning plaintiff's counsel on the |
| 10 |   | State Bar of California. |
| 11 | 4. | Plaintiff's motion for leave to amend his complaint is |
| 12 |   | DENIED. |

IT IS SO ORDERED.

DATED: March 10, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT