IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

        Plaintiff,                No. 2:09-cv-0636 KJN P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendant.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis and this case is before the undersigned pursuant to plaintiff's consent (Dkt. No. 4). Pending before the court is plaintiff's fifth amended complaint. By concurrent order, the court found service appropriate for defendant William Kulka, however, the remaining defendants must be dismissed.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff's fifth amended complaint has failed to correct the deficiencies of the prior complaints. Plaintiff has not sufficiently identified the actions of defendants Boora, Jaffee, Goldman, Schwarzenegger, Rappoport, Soliman, or Jackson. Therefore, these defendants must be dismissed.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement

as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. Moreover, plaintiff has previously been given numerous opportunities to amend his complaint and repeatedly fails to state a cognizable claim against any defendant other than William Kulka. Accordingly, any further amendments appear futile and plaintiff is not given further leave to amend. If plaintiff files any further pleadings before proceeding with service against defendant William Kulka, the court will consider such action as plaintiff's consent to the amended complaint also being dismissed as to defendant Kulka.

In accordance with the above, IT IS HEREBY ORDERED that defendants Boora, Jaffee, Goldman, Schwarzenegger, Rappoport, Soliman and Jackson be dismissed with prejudice from this action.

DATED: March 16, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

winf0636.dism