IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNEST ALTMANN, | ) | |
| | ) | |
| Plaintiff, | ) | 2:09-cv-02361-GEB-GGH |
| | ) | |
| v. | ) | <u>ORDER DENYING MOTION TO EXTEND</u> |
| | ) | <u>TIME FOR SERVICE</u> |
| INDYMAC FEDERAL BANK; GREEN TREE SERVICING, LLC; NATIONAL CITY MORTGAGE, A DIVISION OF NATIONAL CITY BANK; FIRST BANK dba FIRST BANK MORTGAGE; QUALITY LOAN SERVICE CORP.; BANK OF AMERICA; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; REMIEN MORTGAGE FAMILY, INC.; ROBERT REMIEN; GEORGE ROJAS, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

On December 9, 2009, Plaintiff was issued an order notifying Plaintiff under Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") "that **Defendants Remien Mortgage Family, Inc. and Robert Remien could be dismissed as defendants in this action under Rule 4(m) unless Plaintiff provides proof of service and/or 'shows good cause for the failure' to serve these defendants within Rule 4(m)'s 120 day prescribed period, in a filing due no later than 4:00 p.m. on December 23, 2009.**" (Order Continuing Status Conference 2:1-6.) (emphasis in original); see also Ruiz Varela v. Sanchez Velez, 814 F.2d 821, 823 (1st Cir. 1987) (stating that dismissal under predecessor Federal Rule of Civil Procedure Rule 4(j) "can be ordered on the court's initiative only with 'notice' to the plaintiff") Defendants Remien and Remien Mortgage (the "unserved Defendants") were named in Plaintiff's initial complaint filed on August 25, 2009, and have not yet been served.

1

(Compl. 2:5-7.) Under Rule 4(m)'s 120 day service period, the complaint was required to have been served on the unserved Defendants by December 23, 2009.

Plaintiff did not file a response to the Rule 4(m) dismissal notice. Instead, Plaintiff filed a "Motion for Enlargement of Time to Serve Defendants Robert Remien and Remien Mortgage Family, Inc." The motion is noticed for hearing on February 22, 2010. In this motion, Plaintiff "requests the Court grant him an additional 90 days to obtain the current address of Defendants Robert Remien and Remien Mortgage Family, Inc and perfect service." (Mot. for Enlargement of Time ("Mot.") 4:13-26.) Plaintiff motion merely states that "[n]umerous attempts have been made to serve Remien and Remien Mortgage. The addresses for Defendants Remien and Remien Mortgage are no longer good. However, research is being done through Lexis Nexis to locate new addresses for service." (Mot. 3:17-19.) In support, Plaintiff's counsel declares: "An additional search will be instituted through the people and business finder services of Lexis/Nexis. once new locations are discovered, the complaint will be sent out for service. Inquiry is also being made through the Secretary of State's office for newer public documents and information." (Lapin Decl. ¶ 13.)

"Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Fed. R. Civ. P. 4(m)); see also Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009) (outlining the "two avenues for relief" provided by Rule 4(m)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if

2

there is no good cause, the court has discretion to dismiss without prejudice or to extend the time period." Id.

"Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect." Lemoge, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (citing Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)). However, to bring excusable neglect "to the level of good cause" "a plaintiff may be required to show the following factors": "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." In re Sheehan, 253 F.3d at 512 (citing Boudette, 923 F.2d at 756).

Plaintiff argues in his motion, in conclusory fashion, that Plaintiff has "demonstrated good cause for his inability to serve defendants within 120 days." (Mot. 4:9-10.) Although Plaintiff supports his motion with his counsel's conclusory averments that "[n]umerous attempts" have been made to serve the unserved Defendants, Plaintiff does not explain when these "attempts" were made, when he first learned that the addresses for the unserved Defendants were "no longer good," or why his Lexis Nexis search and inquiry with the Secretary of State's office were not conducted or made earlier.

Plaintiff's counsel made nearly identical conclusory statements in another case assigned to the undersigned Judge, Lingad v. Indymac Federal Bank, 2:09-cv-02347-GEB-JFM, in which counsel has also filed a motion requesting additional time to serve unserved defendants. This suggest Plaintiff's counsel opines that providing unverifiable information concerning her attempts to effect service is a sufficient response to a Rule 4(m) dismissal notice. Providing

verifiable information could aid the Court in its decision of whether good cause exists, and if so, how long of an extension should be granted; and, if it does not exist, whether the Court should nonetheless exercise its discretion by granting additional time to Plaintiff to perfect service.

Plaintiff has not provided the Court with sufficient information to determine whether his failure to effectuate service resulted from "professional incompetence," "an easily manufactured excuse incapable of verification of the court," "a complete lack of diligence" or "inadvertence despite counsel's substantial good faith efforts towards compliance." <u>Dominic v. Hess Oil V.I. Corp.</u>, 841 F.2d 513, 517 )3d Cir. 1988). "Courts that have considered this issue . . . agree that counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." <u>Friedman v. Estate of Presser</u>, 929 F.2d 1151, 1157 (6th Cir. 1991). Plaintiff clearly has not demonstrated that good cause justifies his failure to serve the unserved Defendants.

Even though Plaintiff has failed to demonstrate good cause, the issue remains whether the Court should exercise its discretion and provide Plaintiff with additional time to serve the unserved Defendants. See <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2007) (stating that Rule 4(m) "*permits* the district court to grant an extension even in the absence of good cause" (emphasis in original)). The Ninth Circuit has explained the scope of the district court's discretion under Rule 4(m) as follows:

> District courts have broad discretion to extend time for service under Rule 4(m). . . . On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits

> a district court to grant an extension of time to serve the complaint *after* the 120-day period. *However, no court has ruled that the discretion is limitless.* In making extension decisions under Rule 4(m) a district court may consider factors like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.

<u>Id.</u> (quotations and citations omitted) (emphasis added).

Plaintiff has not provided the Court with a persuasive reason for why it should exercise its discretion by extending the time period in which Plaintiff may serve the unserved Defendants. Nor has Plaintiff suggested that any applicable statute of limitations will bar his claims, or that either of the unserved Defendants has actual notice of the lawsuit. Since Plaintiff has not provided sufficient justification for his inability to timely serve the unserved Defendants, and has not provided facts persuading the Court to exercise its discretion in favor of the extension of the service period Plaintiff requests, the Court declines to exercise its discretion under Rule 4(m) to extend the time for service.

Therefore, the unserved Defendants - Remien Mortgage Family, Inc. and Robert Remien - are dismissed without prejudice from this action. Plaintiff's motion filed December 23, 2009 and noticed for hearing on February 22, 2010, is DENIED and the hearing date is VACATED.

Dated: February 3, 2010

GARLAND E. BURRELL, JR.
United States District Judge

5