1  JAMES H. WILKINS (SBN 116364)
   j.wilkins@wdcllp.com
2  **WILKINS, DROLSHAGEN & CZESHINSKI LLP**
   6785 N. Willow Avenue
3  Fresno, California 93710
   Tel: (559) 438-2390
4  Fax: (559) 438-2393
   Attorneys for Plaintiff
5  BRUCE KOPITAR

6  MARC S. HINES (SBN 140065)
   **mhines@hinessmith.com**
7  CHRISTINE M. EMANUELSON (SBN 221269)
   **cemanuelson@hinessmith.com**
8  **HINES SMITH CARDER DINCEL BLAND LLP**
   3080 Bristol Street, Suite 540
9  Costa Mesa, California 92626
   Tel.: (714) 513-1122
10 Fax: (714) 513-1123
   Attorneys for Defendant
11 NATIONWIDE MUTUAL INSURANCE COMPANY

# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE KOPITAR, an individual, | **CASE NO. 1:07-CV-00891-OWW-GSA** |
| Plaintiff, | **STIPULATION AND ORDER AMENDING CASE SCHEDULE** |
| vs. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, and DOES 1 through 50, inclusive, | |
| Defendants. | |

1
STIPULATION AND ORDER AMENDING CASE SCHEDULE

PDF created with pdfFactory trial version www.pdffactory.com

Defendant, Nationwide Mutual Insurance Company ("Defendant" or "Nationwide") and Plaintiff Bruce Kopitar ("Plaintiff"), through their respective counsel of record, jointly submit the following Stipulation to continue the trial and pre-trial dates and deadlines set by the Court one hundred twenty (120) days. The Stipulation is made pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4) and, Eastern District Civil Local Rule 144.

## I. SYNOPSIS OF CASE

Plaintiff alleges that he incurred a loss when a malfunction in a steam room at his home caused it damage; that the steam caused a large amount of moisture to permeate the house; and that there was a determination by a reclamation contractor that there was a substantial amount of mold in the residence. Plaintiff alleges that he had a policy of insurance with Nationwide and that he was entitled to coverage under the policy for his loss. Defendant disputes whether the damage to the residence arose from a covered loss and the extent of the damage. Plaintiff also alleges that Defendant acted in bad faith, which Defendant denies.

On June 21, 2007, this case was removed from Tulare Superior Court to this Court pursuant to 28 U.S.C. 1441(a), (b) and (c). Defendant, through its prior counsel, filed an answer on June 26, 2007.

Discovery

Plaintiff has served his first set of request for production of documents, request for admissions and two sets of special interrogatories on Defendant, to which Defendant has served responses. Defendant has served its first set of request for production of documents, request for admissions and two sets of special interrogatories to Plaintiff, to which Plaintiff has served responses. The parties have produced over 4,000 pages of documents in discovery. Plaintiff's first set of interrogatory responses is 140 pages. Defendant has taken a portion of Plaintiff's deposition but has not yet completed it. The parties are in the midst of retaining and preparing experts for their reports and depositions. Discovery is ongoing.

PDF created with pdfFactory trial version www.pdffactory.com

Pending Motions

Nationwide filed a Motion for Sanctions for Spoliation of Evidence on September 30, 2009. Plaintiff filed his opposition to this motion on November 20, 2009, and Nationwide filed its reply brief on November 30, 2009. This motion was heard on December 7, 2009 and taken under submission. The outcome of this motion will significantly affect the scope of issues in this case, as the motion involves whether Plaintiff's claims for mold damage will be dismissed.

## II. STIPULATION OF PARTIES TO CONTINUE THE TRIAL AND CORRESPONDING PRE-TRIAL DATES BASED ON GOOD CAUSE

The parties stipulate and agree to a short continuance of the pre-trial and trial dates one hundred twenty (120) days for the following reasons: (1) Defendant's counsel is very new to the case, having recently being substituted in as counsel on December 14, 2009, and the continuance will allow Defendant's counsel sufficient time to familiarize itself with the case; (2) the continuance will allow the parties time to adjust their respective strategies after the Court rules on the still-pending motion re: spoliation of evidence, which will have a significant impact on the scope of issues in the case; and (3) Defendant's counsel requires more time to designate expert witnesses, prepare expert witness reports and evaluate what further discovery it needs to conduct. The March 25, 2010 deadline to disclose expert witnesses and exchange expert witness reports is fast approaching, and Defendant's counsel has not had sufficient time to prepare expert witness disclosures and reports in the short time that it has been on the case, nor to evaluate further discovery it needs to conduct.

This is a complex case. The claim was investigated over a course of years and generated numerous documents. Plaintiff claims a significant amount of damage. In his original proof of loss submitted to Nationwide, he claimed $1,374,721.80 in policy benefits. He also claims additional tort damages on his bad faith cause of action. There have been two law firms involved representing Plaintiff, and now three representing Defendant, over the course of the Plaintiff's insurance claim and this lawsuit.

PDF created with pdfFactory trial version www.pdffactory.com

Consequently, the correspondence, pleadings, discovery and other document files that Defendant's new counsel needs to review and digest is quite substantial. Defendant has produced over 3,695 pages of documents and Plaintiff 568 pages, just in discovery. There are numerous other case files to review besides the document productions.

The parties stipulate to a short continuance of the dates in order to allow sufficient time for Defendant's new counsel to become familiar with the case and to prepare for all discovery. Without this short continuance of the dates, the parties will be prejudiced.

The parties have been complying with the current dates and deadlines set forth in the Court's case schedule. To date, none of the cut-off dates have passed. A short continuance of the dates and deadlines would serve to avoid any potential fees and costs, as well as waste of judicial resources and time, filing potential motions after the cut-off dates for leave to amend the scheduling order. To this end, the parties stipulate and propose a 120-day continuance of the dates as follows:

| EVENT | CURRENT DATE/TIME | NEW DATE/TIME |
|---|---|---|
| Disclosure of Expert Witnesses including Exchange of Reports | March 25, 2010 | July 26, 2010 |
| Supplemental Expert Disclosure and Reports | April 18, 2010 | August 18, 2010 |
| Non-Dispositive Motion Hearing Deadline | April 19, 2010 | August 20, 2010 |
| Expert Discovery Cut Off | May 3, 2010 | September 3, 2010 |
| Non-Expert Discovery Cut Off | May 17, 2010 | September 17, 2010 |
| Settlement Conference | May 24, 2010, 10:30 a.m. | September 27, 2010, 10:30 a.m. |
| Dispositive Motion Hearing Deadline | July 26, 2010 | November 29, 2010 |
| Pretrial Conference | August 30, 2010, 11:00 a.m., Courtroom 3 | January 3, 2010, 11:00 a.m., Courtroom 3 |
| Trial | October 5, 2010, 9:00 a.m. Courtroom 3 | February 8, 2011, 9:00 a.m. Courtroom 3 |

PDF created with pdfFactory trial version www.pdffactory.com

The Court has previously granted two extensions in this case upon filings of stipulations between Plaintiff's counsel and Defendant's prior counsel. First, on May 19, 2008, the Court granted the parties' stipulation to continue the settlement conference and trial date, which necessitated rescheduling the deadlines in the Court's scheduling order, including discovery deadlines, the deadline to file dispositive motions, and the pretrial conference date. [Docket No. 15]. Second, on January 20, 2009, the Court issued an Order amending the case schedule by extending the dates listed above. [Docket No. 19]. The Court granted one additional extension of sixty (60) days, on January 8, 2010, based upon a stipulation between Defendant's current counsel and Plaintiff's counsel [Docket Nos. 35, 37], but Defendant's new counsel needs additional time in light of the magnitude of the documents and issues in this case.

Federal Rules of Civil Procedure 6(b), 16(a) and 16(b)(4) give the Court broad discretion to regulate pre-trial matters, to manage its calendar, grant continuance of scheduling dates, and to direct the parties in a manner that expedites disposition of the action and facilitates settlement. As set forth herein, and in light of the fact that there is a pending motion that will significantly affect the issues in this case, good cause exists for the Court to grant the continuance under any of the Rules.

IT IS SO STIPULATED.

Dated: March 15, 2010  **WILKINS, DROLSHAGEN & CZESHINSKI LLP**

　/s/ James H. Wilkins
James H. Wilkins
Attorney for Plaintiff
BRUCE KOPITAR

5
STIPULATION AND ORDER AMENDING CASE SCHEDULE

PDF created with pdfFactory trial version www.pdffactory.com

Dated: March 15, 2010                    **HINES SMITH CARDER DINCEL BLAND LLP**

       /s/ Marc S. Hines
Marc S. Hines
Christine M. Emanuelson
Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

## **ORDER**

Based on the foregoing Stipulation and good cause appearing therefore, IT IS HEREBY ORDERED that the Case Schedule be, and the same hereby is, revised as set forth above in the Stipulation.

IT IS SO ORDERED.

Dated: March 17, 2010                    /s/ OLIVER W. WANGER
Oliver W. Wanger
U.S. District Judge

PDF created with pdfFactory trial version www.pdffactory.com