# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE T. MOTEN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DARREL G. ADAMS, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　／ | CASE NO. 1:07-cv-00924-AWI-YNP PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION<br><br>(Doc. 35)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Jesse T. Moten ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for injunctive relief filed on July 24, 2009. (Doc. #35.) Plaintiff seeks an order from the Court requiring prison officials to provide Plaintiff with 4-6 hours of law library access per week.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A

party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Although Plaintiff alleges that he will suffer irreparable harm, that the balance of hardship favors Plaintiff, and that the relief sought will serve the public interest, Plaintiff does not address whether he is likely to succeed on the merits of his lawsuit. Further, Plaintiff's contention that he will likely suffer irreparable harm does not meet the necessary standards to qualify for preliminary injunctive relief. Plaintiff concludes generally that he has been denied access to the Courts because he cannot fulfill his obligations to Court orders without law library access. However, Plaintiff fails to identify any specific Court deadlines he is facing in any litigation. The Court notes that a review of the docket in this case reveals that Plaintiff has no pending deadlines because this case is currently awaiting screening of Plaintiff's complaint by the Court, pursuant to 28 U.S.C. § 1915A.

Plaintiff has at most identified a hypothetical possibility of future harm. A party seeking preliminary relief must demonstrate that irreparable injury is likely in the absence of an injunction. Winter, 129 S. Ct. at 375. Plaintiff must demonstrate that the threat of injury is real and immediate, not conjectural or hypothetical. City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983). Plaintiff has failed to identify any real or immediate injury because there is no indication that he is currently facing any deadlines in any court cases, and Plaintiff has failed to persuasively demonstrate that the law library access he currently receives and will receive in the future is not sufficient for the hypothetical future deadlines. Additionally, Plaintiff has not convincingly demonstrated that the threat of future harm cannot be avoided by alternative means, such as through requests for extensions of time for any future deadlines. The Court finds that Plaintiff is not entitled to the preliminary injunctive relief that he requests.

1  Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary
2  injunctive relief, filed on July 24, 2009, be DENIED.

3  These Findings and Recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days
5  after being served with these Findings and Recommendations, any party may file written objections
6  with the Court and serve a copy on all parties. Such a document should be captioned "Objections
7  to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served
8  and filed within ten days after service of the objections. The parties are advised that failure to file
9  objections within the specified time may waive the right to appeal the District Court's order.
10 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:   February 4, 2010**                     /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE