UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMES E. BRYANT,**<br><br>Plaintiff,<br><br>v.<br><br>**M. BAIRES,**<br><br>Defendant. | Case No. 08cv1165 MJL (PCL)<br><br>**ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER; and**<br><br>**AMENDED NOTICE AND ORDER FOR SECOND CASE MANAGEMENT CONFERENCE**<br><br>**(Doc. No. 40)** |

On February 18, 2010, the Court held a telephonic Mandatory Settlement Conference in the above-referenced case. The parties were unable to settle on this date. On February 22, 2010, Defendant filed a Motion to Modify Scheduling Order seeking to extend the previously imposed deadlines for completion of certain discovery matters. (Doc. No. 40). Upon review of the pending Motion, District Judge Lorenz' Order of March 4, 2010 (Doc. No. 41), and being advised of the status of the case:

**IT IS HEREBY ORDERED**:

1. **EXPERT DISCLOSURES**: All amended expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before June 16, 2010. Any contradictory or rebuttal information shall be disclosed on or before June 30, 2010. In addition, Fed. R. Civ. P. 26(e)(2) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

1       The parties are advised to consult with Fed. R. Civ. P. 26(a)(2) regarding expert disclosures.

2. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. **DISCOVERY: All discovery, except specific discovery referenced in Paragraphs Four (4) and Five (5) below, shall be completed on or before March 31, 2010.** "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

4. **SUBPPOENAS**: Discovery subpoenas under Rule 45 must be initiated a sufficient period of time in advance so discovery of any medical records may be completed by June 30, 2010; and

5. **DEPOSITION OF PLAINTIFF**: The deposition of James E. Bryant may be taken at California Substance Abuse Treatment Facility and State Prison upon reasonable notice as provided by Rule 30(b) and must be concluded by June 30, 2010.

6. **PRETRIAL MOTIONS**: All other pretrial motions must be filed on or before August 16, 2010. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Failure to timely request a motion date may result in the motion not being heard.

      Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No

reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

7. **MANDATORY SETTLEMENT CONFERENCE**: A second telephonic **Mandatory Settlement Conference** shall be conducted on **July 13, 2010, at 10:00 a.m.** before Magistrate Judge Peter C. Lewis. Defendant's counsel is responsible for arranging Plaintiff's telephonic appearance. Counsel or any party representing himself or herself may submit confidential settlement briefs directly to chambers. Briefs must be received no later than July 6, 2010.

8. **SETTLEMENT CONFERENCE BRIEFS**: Parties may lodge a confidential settlement brief prior to the Mandatory Settlement Conference. Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits helpful judicial opinions and information about the settlement or judgment value of comparable cases. In addition, each brief shall set forth the following confidential information:

(1) A brief analysis of the key issues involved in the litigation;
(2) A description of the strongest and weakest legal and factual points in the party's case;
(3) A description of the strongest and weakest legal and factual points in the opponent's case;
(4) The status of any settlement negotiations, including the last settlement proposal made by each party; and
(5) The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should mail, electronically mail [efile_lewis@casd.uscourts.gov], or fax the settlement briefs directly to chambers at (760) 353-9143. **Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court**.

9.      The parties must comply with the Pretrial disclosure requirements of Fed.R.Civ.P. 26(a)(3) on or before <u>September 24, 2010</u>. The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

10.     No Memoranda of Contentions of Fact and Law are to be filed unless so ordered by the Court.

11.     Counsel and unrepresented parties shall meet and confer on or before <u>October 1, 2010</u>. At this meeting, counsel and unrepresented parties shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify, and written contentions of applicable facts and law. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

12.     The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before <u>October 8, 2010</u>. Any objections shall comply with the requirements of Fed. R. Civ. P. 26(a)(3). Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence. Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

13.     The final pretrial conference is scheduled on the calendar of the Honorable James M. Lorenz, United States District Court Judge, in Courtroom 14 of the United States District Court for the Southern District of California on **October 18, 2010**, **at 11:00 a.m.**

14.     The dates and times set forth herein will not be further modified except for good cause shown.

/ /

/ /

15. Defense counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATE: March 5, 2010

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court