# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES,<br><br>                Plaintiff,<br><br>   v.<br><br>C/O JUAN MEDINA, et al.,<br><br>                Defendants.<br>                                   / | CASE NO. 1:08-cv-00136-GSA PC<br><br>SECOND ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO FILE PRETRIAL STATEMENT<br><br>(Docs. 39 and 59)<br><br>FIFTEEN-DAY DEADLINE |

        This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff John Ray Dynes, a prisoner proceeding pro se and in forma pauperis. Plaintiff is currently incarcerated at the Fresno County Jail. This action is proceeding on Plaintiff's amended complaint, filed April 24, 2008, against Defendants Medina and Williams for use of excessive physical force, in violation of the Eighth Amendment. Plaintiff's claim arises from an incident which occurred while he was incarcerated at Kern Valley State Prison. This matter is set for a telephonic trial confirmation hearing on February 24, 2010, and jury trial on March 15, 2010.

        Pursuant to the Court's second scheduling order, filed on August 24, 2009, Plaintiff's pretrial statement was due on or before January 4, 2010. Plaintiff was warned that the failure to file his pretrial statement may result in the imposition of sanctions, including dismissal of this action. Plaintiff failed to file a pretrial statement, and on January 20, 2010, the Court ordered Plaintiff to show cause why this action should not be dismissed as a sanction. On January 26, 2010, Plaintiff filed a response to the order and submitted what he represents is his pretrial statement originally

1

submitted on December 16, 2009.

The Court rejects Plaintiff's contention that the document submitted is his pretrial statement. In ordering Plaintiff to file a pretrial statement on or before January 4, 2010, the Court provided Plaintiff with a copy of Local Rule 281, then Local Rule 16-281, which sets forth the information that must be included in a pretrial statement. Although the Court is skeptical at best, assuming Plaintiff mailed the filing in December and it was not received by the Court, the document submitted by Plaintiff on January 26, 2010, is not a pretrial statement and does not comply with Local Rule 281.

Further, although Plaintiff altered the date to represent it was signed it on December 16, 2009, the document is a photocopy and the original date of May 2007 is clearly visible from underneath the altered date of December 10, 2009.[1] Because the document does address Plaintiff's allegations in this action, the Court can only speculate that it was prepared for Plaintiff by a jailhouse lawyer for litigation purposes but prior to the date this suit was initiated. Regardless of its origin, the filing cannot possibly be Plaintiff's pretrial statement drafted in compliance with the Court's scheduling order given that the document is not a pretrial statement and was originally prepared in 2007, prior to the filing of this suit and prior to the issuance of the scheduling order requiring submission of a pretrial statement.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff has **fifteen (15) days** from the date of service of this order within which to show cause, in writing, why this action should not be dismissed, with prejudice, based on his failure to file his pretrial statement in compliance with the Court's scheduling order; and

///
///
///
///

---

[1] The filing was scanned into the Court's CM/ECF system. However, the Court viewed the original received in the mail from Plaintiff, and the original date of drafting is clearly visible in the original.

2. The failure to respond to this order, and/or the failure to show good cause, may result in dismissal of this action, with prejudice.

IT IS SO ORDERED.

Dated: **January 29, 2010**      /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE