# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

* * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| **ANDREW A. CEJAS**, | No. 2:05-cv-01121-AK |
| Plaintiff, | |
| v. | |
| **MARK IWASA**, | ORDER |
| Defendant. | |

* * * * * * * * * * * * * * * * *

In a previous order, I instructed both parties to respond to each others' discovery requests. Defendant has responded to plaintiff's first set of interrogatories and requests for production of documents, but has raised a host of objections to their scope and specificity. Plaintiff has filed two motions to compel, objecting to defendant's objections.

Plaintiff's motions are granted with respect to his fourth and seventh requests for production of documents. Plaintiff seeks access to his own medical records and his own file in the prison records. Plaintiff's medical records are relevant to his claim that he lost substantial weight as a result of being denied a

religious diet, and his prison file may contain evidence related to the issue of exhaustion. Both fall within the scope of discovery. See Fed. R. Civ. P. 26(b). Nor is either request overly vague or burdensome.

Plaintiff's motions are otherwise denied. Plaintiff's second, fifth, sixth, eighth, ninth and twelfth interrogatories, and his second, third and eighth requests for production of documents, relate to claims that have been dismissed. Plaintiff's eleventh, thirteenth, fourteenth and fifteenth interrogatories, and plaintiff's tenth request for production of documents, ask defendants to identify any criticisms of the policies challenged in this suit, regardless of whether those criticisms would help plaintiff establish his claims and regardless of who made the criticisms or when; they are both vague and overbroad. Plaintiff's request for all documents related to "policies on staff [and] supervision of inmates" is beyond the scope of discovery, as is his request for "all" documents that even "refer" to the prison's liability insurance. Plaintiff's request for "all other documents . . . that relate to the allegations" in his complaint is overly vague and burdensome; plaintiff is effectively asking defendants to identify any possible legal theory associated with his claims and any documents that might bolster such a theory. Because many of plaintiff's allegations have been dismissed, this request is also overbroad.

Pretrial conference in this matter will occur by video conference on April 2,

2010 at 10:00 a.m.  The court will consider defendant's motion for summary judgment, and any other pre-trial matters, at that time.

March 11, 2010

_____
**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation