# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WALTON, | CASE NO. 1:08-cv-00754-LJO-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 73) |
| | THIRTY-DAY OBJECTION PERIOD |
| Defendants. | |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.     Procedural History**

Plaintiff Charles Walton, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2007. This action for damages is proceeding on Plaintiff's amended complaint, filed June 30, 2008, against Defendants Ochoa, Meyers, Chaffer, Tonge, Clendaniel, Miller, Lambert, Haley, Arline, Contreras, and DonDiego on Plaintiff's Eighth Amendment claim arising from unsafe conditions of confinement. On October 16, 2009, Defendants Ochoa, Meyers, Chaffer, Tonge, Clendaniel, Lambert, Haley, Arline, Contreras, and DonDiego filed a motion to dismiss for failure to exhaust. Plaintiff filed an opposition on January 5, 2010, and Defendants filed a reply on January 15, 2010.

**II.     Legal Standard**

Defendants argue that Plaintiff failed to exhaust his claim in compliance with 42 U.S.C. § 1997e(a), subjecting this action to dismissal. Section 1997e(a) of the Prison Litigation Reform Act

1

of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court
///

concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### III. Discussion

Plaintiff's Eighth Amendment claim arises from unconstitutional conditions of confinement at Avenal State Prison in 2007, including urine and feces left standing in toilets, overflowing toilets, and waste water left standing on the floors from sinks with no traps. (Doc. 34, Amend. Comp.) Plaintiff alleges injuries arising from the exposure to these health hazards. (Id.)

Defendants submit evidence that Plaintiff filed an appeal on June 7, 2007, grieving unsanitary conditions of confinement. (Amend. Comp., Ex. D; Doc. 64-2, Motion, Lopez Dec., ¶5.) The appeal was partially granted on August 20, 2007, at the first formal level of review. (Amend. Comp., Ex. D; Motion, Lopez Dec., ¶6.) Thereafter, on September 4, 2007, the appeal was screened out because Plaintiff failed to comply with the procedures governing group appeals and because his attachments exceeded the one page limit. (Motion, Lopez Dec., ¶¶6-8 & Attach. 1.) Plaintiff was directed to remove the unnecessary documents and resubmit the appeal, but did not do so. (Id.) Defendants contend that Plaintiff failed to exhaust his appeal and even if the partial grant somehow arguably constituted exhaustion, the decision was issued after this suit was filed, entitling them to dismissal of this action.

Plaintiff argues that his letter to Judge Henderson was not a complaint, and that his appeal was exhausted by the time this action was brought via the first amended complaint filed on June 30, 2008. Plaintiff contends that prison officials' failure to respond to his appeal by August 6, 2007, rendered the appeals process unavailable, thereby satisfying the exhaustion requirement. Plaintiff also challenges the propriety of screening out the appeal after a decision was issued.

A civil action is commenced when a complaint is filed, Fed. R. Civ. P. 3, and an action is "brought" in federal court for purposes of section1997e(a) when the complaint is tendered to the Clerk's Office, Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006). The federal system is one of notice pleading and no particular form is required, although certain information must be included in order to state a claim. Fed. R. Civ. P. 8(a).

///

In this instance, Plaintiff sent a letter to the Honorable Thelton E. Henderson on June 20, 2007, clearly marked "Complaint Under 42 U.S.C. § 1983, and 28 U.S.C. 1367, and Title II of the ADA." (Doc. 1.) While in letter form, Plaintiff's notation of "Complaint" and citation to the federal statutes providing the legal bases for his claims, made on the first page of the letter, leave no doubt that the document was intended to be a civil complaint and was properly treated as a civil complaint by the court. Although no further inquiry into Plaintiff's intent to file a civil suit is necessary in light of the letter's caption, the Court notes that Plaintiff also filed a motion for an extension of time to file his in forma pauperis application on July 19, 2007, again evidencing an intent to proceed forward with a civil action. Plaintiff's argument that his June 20, 2007, letter was not a complaint and that this action was not brought until he filed an amended complaint on June 30, 2008, is untenable and is rejected. This action was brought on June 20, 2007, and exhaustion must have occurred prior to that date. Vaden, 449 F.3d at 1050.

Plaintiff's appeal was dated June 7, 2007, and stamped received by the appeals office on June 22, 2007. In this case, the informal level by bypassed. A first level response is due within thirty working days from the date of receipt of the appeal by the appeals coordinator.[1] Tit. 15 § 3084.6(a),(b)(2). Exceptions to the response deadline are permitted under the regulation, tit. 15 § 3084.6(b)(5), and the appellant must be informed in writing of the reasons for the delay and the estimated completion date "if an exceptional delay prevents completion of review within the time specified time limits . . . ," tit. 15 § 3084.6(b)(6). Plaintiff's appeal was partially granted on August 20, 2007, which was ten working days after the due date of August 6, 2007.

The Court need not and does not reach the issues of whether prison officials failed to follow their own appeals procedures which provide for a response within thirty working days and if they did, whether or not Plaintiff's appeal was deemed exhausted, or the issues of whether prison officials may screen out an appeal at the first level after a first level decision is issued and what effect, if any, that had on Plaintiff's attempt to exhaust. "[A] prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances," and "may initiate litigation in

---

[1] Weekends and holidays are not working days, and the first day is excluded. Tit. 15 § 4003(j).

federal court only after the administrative process ends and leaves his grievances unredressed." Vaden at 1051. Plaintiff clearly filed this action prematurely because he brought suit on June 20, 2007, which was before the time limit for receiving a response to his appeal had expired. Accordingly, whether or not Plaintiff ultimately exhausted in compliance with section 1997e(a), he failed to exhaust prior to filing suit and Defendants are entitled to dismissal of this action. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201.

**IV.     Conclusion and Recommendation**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed October 29, 2009, be GRANTED and this action be dismissed, without prejudice, for failure to exhaust prior to filing suit.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    February 3, 2010**             **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE