# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>    Plaintiff-Intervenors<br><br>    v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>    Defendants. | 1:07-cv-01428 LJO JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART EEOC'S MOTION TO COMPEL DEFENDANT ABM JANITORIAL SERVICES NORTHERN CALIFORNIA TO RESPOND AND PRODUCE RESPONSIVE DOCUMENTS [DOC 149] |

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") seeks an order compelling defendant ABM Janitorial Services Northern California ("ABMNC") to produce documents in response to EEOC's Request for Production of Documents, set number one, numbers 1 and 3. As required by Local Rule 232, the parties met, conferred and filed a joint statement regarding their discovery dispute. [Doc 149] On February 1, 2010, the Court heard argument regarding this motion. The Court has read and considered the pleadings and arguments of counsel and makes the following ruling.

///

**Factual and Procedural Background**

On September 28, 2007, the EEOC initiated this action against Defendants ABM Industries, Inc. and ABM Janitorial Services, Inc. (Doc. 1.) ABMNC was added as a defendant through the First Amended Complaint filed on July 17, 2009. (Doc. 118.) The EEOC's amended complaint alleges unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. (Id.) In particular, the amended complaint charges that ABMNC engaged in a pattern and practice of subjecting Erika Morales and a class of others similarly situated to her to a sexually harassing, hostile work environment and quid pro quo sexual harassment by ABMNC supervisors and other employees at various ABMNC work sites. (Id.) The complaint alleges further that ABMNC failed to exercise reasonable care to prevent and correct the sexually harassing behavior promptly. (Id.) Also, Erika Morales alleges that she and others similarly situated were constructively discharged for complaining about or rebuking the sexual harassment. (Id.)

On October 1, 2009, the EEOC served "Request for Production of Documents to Defendant ABM Janitorial Northern California." Request number 1 seeks records related to complaints of sexual harassment made against any employee of ABMNC no matter where the incident occurred from 2000 to the current time. Request number 3 seeks all such documents that were created as a result of complaints to ABMNC's harassment hotline.

On November 6, 2009, ABMNC filed timely objections to the requests. Along with a myriad of other objections, ABMNC noted that on December 22, 2008, the Court ruled on a similar motion to compel in which the EEOC served the "nearly identical" request to obtain the same information from defendant ABM Janitorial Services, Inc. ("ABM Janitorial"). [Doc 67]

In the joint statement, the EEOC does not deny that the substance of the requests are nearly the same as one that was subject to the December 22, 2008 order. However, the EEOC asserts that due to ongoing discovery, evidence has revealed that harassment has occurred by non-supervisors at locations other than in the 11 counties outlined by the December 22, 2008 order. Therefore, the EEOC contends that it should no longer be bound by the Court's previous order. Alternatively, it argues that it is not bound by the order as to ABMNC because this defendant was not a party to the action at the time the

order was issued.

## Analysis

**A.  Discovery overview**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute. Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (U.S. 1978), the Court evaluated the strictures posed by Rule 26 and held,

> The key phrase in this definition -- "relevant to the subject matter involved in the pending action" -- has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. See Hickman v. Taylor, 329 U.S. 495, 501 (1947). [Footnote] Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Id., at 500-501. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. [Footnote]

(Footnotes omitted.) Furthermore, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty and Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

**B.  Requests for Production of Documents**

Fed.R.Civ.P. 34(b)(2)(B) requires a written response to a request for production to "state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." The request is sufficient if the documents or things to be produced are described

by item or category with "reasonable particularity" in the request. Fed.R.Civ.P. 34(b)(1)(A). A responding party is obligated to produce all designated and nonprivileged documents, tangible things, or electronically stored information which are in its "possession, custody or control." Fed.R.Civ.P. 34(a). The propounding party may seek an order compelling production or inspection if a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv). Failure to object to discovery requests in a timely fashion constitutes a waiver of any objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

According to the joint statement submitted by the parties (Doc. 149), the dispute involves two requests for production. Request Number 1 of the document production request reads,

> IDENTIFY and produce all DOCUMENTS that reflect, describe or relate to complaints of sexual assault and/or other forms of sexual harassment occurring at YOUR workplaces, during the period from January 1, 2000 to the present made by any of YOUR janitorial employees against any of YOUR employees, including, but not limited to, all DOCUMENTS pertaining to verbal or written complaints, interview notes, affidavits, witness statements, final and draft recommendations pertaining to the complaint(s) or investigation(s), any DOCUMENT that YOU contend reflects on the credibility of all complainants and/or witnesses, and/or any discipline issued to any accused harasser and/or his or her supervisor(s).

Request Number 3 of this same document production reads,

> IDENTIFY and produce all DOCUMENTS that reflect, describe or relate to any complaints made to YOUR 1-800 Harassment Hotline, including, but not limited to, the 1-800-97-STOP IT number or 1-800-977-8674, regarding any incidents occurring at YOUR workplaces, during the period from January 1, 2000 to the present, including, but not limited to, all DOCUMENTS pertaining to call logs, verbal or written complaints, interview notes, affidavits, witness statements, final and draft findings and/or reports for any investigations conducted by YOU or on YOUR behalf, final or draft recommendations pertaining to complaint(s) or investigation(s), any DOCUMENT that YOU contend reflects on the credibility of all complainants and/or witnesses, and/or any discipline issued to any accused harasser and/or his or her supervisor(s).

ABMNC objected to these requests on the basis that they were overbroad, not reasonably calculated to lead to admissible evidence, invaded the privacy of third parties, invaded the attorney-client and attorney work product privilege and, based upon the December 22, 2008 order, they were harassing. ABMNC has not refused to respond to these requests, but has instead, limited its response to complaints related to supervisory conduct and for locations within the Eastern District of California. Given this and how

4

the issues are framed by the joint statement, therefore, the parties seek a determination here of whether the EEOC may obtain information regarding all other incidents of unlawful sexual conduct that occurred other than in the Eastern District and other than where the alleged "harasser" was a supervisor.

**C.     Reconsideration of the December 22, 2008 order**

On December 22, 2008, the Court decided issues that were very similar to those raised here. At the time, the EEOC sought records from defendant ABM Janitorial. Request number 161 of the "Plaintiff EEOC's Second Request for Production of Documents to Defendant ABM Janitorial Services, Inc." read,

> Identify and produce all documents that reflect, describe or relate to complaints of sexual harassment made against you, since January 1, 2000, through the present, including, but not limited to, all documents pertaining to verbal or written complaints, interview notes, affidavits, witness statements, final and draft findings and/or reports for any investigations conducted by you or on your behalf, final or draft recommendations pertaining to the complaint(s) or investigation(s), and documents that you contend reflects on the credibility of all complainants and/or witnesses, and/or any discipline issued to any accused harasser and/or his or her supervisor(s).

As recited above, the current request number 1 and the substance of request number 3, are markedly similar.

Notably, the Court issued its December 22, 2008 order on the EEOC's motion to compel ABM Janitorial to produce documents, not ABMNC. Here, the EEOC does not seek an order requiring ABM Janitorial to produce anything. Clearly, the December 22, 2008 order bound those who were party to it and, presumably, the parties complied with it.

Although ABMNC and the other ABM defendants are related, the defendants have maintained, and it was further clarified at argument on this motion, that ABMNC is a distinct legal entity from ABM Janitorial.[1] Moreover, there is no showing that the parties intended that any later added defendant would be bound by the December 22, 2008. To the contrary, the EEOC seems to indicate that it did not believe that the order would be binding on ABMNC. Therefore, the law of the case doctrine does not control.

---

[1] In defending against the motion that resulted in the December 22, 2008 order, the defendants in that motion argued that they should not be ordered to produce the documents because they were not the employer of the claimants at issue. The current position urging application of the law of the case doctrine, therefore, seems contrary to the earlier position taken by the other defendants that they are distinct entities from ABMNC.

Disimone v. Browner, 121 F.3d 1262, 1267 citing Zdanok v. Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 953 (2nd Cir. 1964) (Doctrine applies where it was "clear that everyone expected [the new plaintiffs'] rights to be governed by the court's interpretation of the contract.").

In addition, the confines of the December 22, 2008 order was based in large part to the fact that the parties were in the midst of Rule 23 discovery, which has since ended. Likewise, since the December 22, 2008 order, the EEOC amended its complaint to allege that the harassment was perpetrated by "Defendants' supervisors *and employees*." According to the joint statement and as admitted by ABMNC, the EEOC has since identified claimants who allege that they suffered sexual harassment by non-supervisor employees as well. Therefore, ABMNC's objection to the current discovery, based upon the preclusive effect of the December 22, 2008 order, is overruled.

**D.     Overbreadth**

       **i.     Geographic Scope**

In its request for discovery, the EEOC appears to seek documents related to complaints of sexual harassment no matter the location of the job site where the alleged harassment occurred. While seeming to request discovery on a statewide basis, the EEOC provides little support for this request. For example, as in its original complaint, the EEOC asserts in its amended complaint that the harassment occurred "within the Eastern District of California." The Intervenor Complaint alleges similarly that "the employment practices that PLAINTIFF INTERVENORS allege to be unlawful were and [are] now being committed in California within the jurisdiction of the United States District Court for the Eastern District of California."

Nevertheless, at argument on this motion, without citation to any authority, the EEOC took the position that its entitlement to all of ABMNC's records, no matter the locale where they originate, was based upon the fact that ABMNC operated in areas outside of the Eastern District of California. However, exactly where ABMNC operates was not explained by the EEOC. Most importantly, the EEOC failed to explain how this position was supported by their First Amended complaint that alleged that the acts *only* occurred within the Eastern District of California.

Federal Rules of Civil Procedure 26 (b)(1) reads,

> **Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense**--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

(Emphasis added.) Subdivision (b)(2)(C)(iii) permits the Court to limit the extent of discovery where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Because the information sought as to incidents that occurred outside of the Eastern District *does not* bear on the issues raised in the First Amended Complaint, ABMNC's objection on this point is well-taken. Therefore, the motion to compel the discovery of records related to incidents that occurred outside of the Eastern District of California is DENIED.

### iii. Discovery as to non-supervisory alleged "harassers"

ABMNC objects to the production of the documents sought by request numbers 1 and 3 because they seek information related to non-supervisors. ABMNC asserts that the only reason for this discovery is for the EEOC to attempt to locate additional claimants that allege unlawful actions that were outside of the scope of the EEOC's investigation and the conciliation process. The Court notes that when the EEOC sues in its own name, the litigation is limited by the scope of the EEOC's charge and its investigation. EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994). The litigation need not exactly mirror the charge but may include claims that "*can be reasonably expected* to grow out of the charge of discrimination." Id. Here, the Court has no occasion to determine whether the EEOC has properly satisfied the prerequisites to litigation regarding the allegations of sexual harassment by non-supervisors. Instead, the Court's order relates only to whether discovery will be permitted related to these claims.

As to this issue, the Court notes that the First Amended Complaint filed in July 2009, while somewhat vague, indicates that sexual harassment was perpetrated by "supervisors *and employees*" of

the defendants. This amendment was notable given the few other changes made to the pleading from that contained in the original complaint. Counsel for ABMNC indicated, at the argument on the motion, that he believed that the reference to "supervisors *and employees*" referred to Jose Vasquez who, purportedly, committed the alleged act of rape while he was a non-supervisory level employee.[2] Given the minimal requirements of Rule 8, the Court has no explanation why ABMNC did not conduct discovery to confirm its understanding of the EEOC's meaning of the phrase "supervisors *and employees*." In any event, ABMNC admits that it was aware that additional claimants alleged harassment by non-supervisory coworkers. This awareness occurred as early as May 2009 when the new claimants were identified by the EEOC but no later than September 2009 when their depositions were taken. When coupled with the filing of the First Amended Complaint, the Court is persuaded that discovery that inquires into the acts of sexual harassment of non-supervisors should be allowed to a certain extent.

On the other hand, the Court is not persuaded that full discovery of all sexual harassment complaints against every non-supervisor of ABMNC is warranted at this juncture of the case. At argument on the motion, the EEOC's counsel indicated that this discovery would be used to locate additional claimants and to support its "pattern and practice" case. Given the extensive efforts by the EEOC to identify additional claimants, including sending letters to 4,000 of defendants' employees/former employees, continuing this type of discovery on the eve of the close of discovery is inappropriate and subjects the defendants to unfair prejudice. Therefore, the Court does not find this explanation to be sufficient to justify the discovery. The Court does find, however, that the evidence would be relevant to the "pattern and practice" allegations of the litigation.

Therefore, the Court GRANTS the motion to produce documents responsive to requests number 1 and 3 as to non-supervisor employees of ABMNC, consistent with the other terms imposed by this order. However, the Court sees no justification to expose private details about these complaints given

---

[2] Rather than militate against the production request, this statement of counsel seems to justify the additional discovery given that, clearly, ABMNC was aware of the allegation that sexual harassment by Jose Vasquez occurred *before* he became a supervisor.

that no additional claimants will be permitted from this production.[3] Thus, consistent with the geographical limitation set forth above, ABMNC is required to produce all complaints of sexual harassment, including those asserting that the unlawful acts that were committed by non-supervisory personnel.

On the documents produced, ABMNC is ordered to redact the names of the complainants and the harassers and other personal identifiers, so that only the first initials of the first and last name are shown. However, ABMNC may not redact the name of the complainant if the complainant is also a claimant in this current action. Likewise, ABMNC may not redact the documents as to the name of the alleged harasser if the alleged harasser has been identified as a harasser in this current litigation. Moreover, the parties are ordered to prepare a joint, stipulated protective order to ensure that any other personal information, not discussed here, is maintained confidential. ABMNC must produce a privilege log as to any document not produced that it contends is subject to the attorney-client privilege or work product privilege.

### iii. Time

Both of the production requests seek documents from January 1, 2000 through the present. At issue, then, is information that spans ten years. Although ABMNC notes an objection based upon time, it has failed to outline the nature of its objection in the joint statement. "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998). The Court refuses to speculate as to ABMNC's concern. Therefore, the Court deems the objection waived. McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (Conclusory, boilerplate objections without explanation of the underlying basis for the objection is insufficient.)

///

---

[3] See the Court's order filed herewith on the defendants' motion for protective order or alternative relief in which the Court is setting a cut-off date for the EEOC to identify additional claimants to a date that is *before* the disclosure date here.

1  **E.    Not Reasonably Calculated to Lead to Admissible Evidence**

2      **1.    Request for Production of Documents #3 - Sexual Harassment Complaints**

ABMNC objects to the request on the grounds that it fails to limit itself to complaints made to its Hotline to those alleging sexual harassment. This objection is proper and the motion to compel documents that are unrelated to claims of sexual harassment is DENIED.

**F.    Privacy of 3rd parties**

Based upon the limitations placed on the production request recited above and the Court's order that the parties stipulate to a protective order governing the documents, the Court finds that the privacy of third parties to be sufficiently preserved. The objection is overruled.

## ORDER

Based on the foregoing, the Motion to Compel Responses to Plaintiff's Requests for Production of Documents (Doc. 149) is GRANTED IN PART and DENIED IN PART as follows:

1. The Motion to Compel Responses to Request for Production numbers 1 and 3 - Set One, is GRANTED, subject to the limitations set forth below, as to complaints that occurred on ABMNC work sites located in Eastern District of California. As to complaints that arose in locations other than in the Eastern District, the motion is DENIED.

2. As to Request number 1, ABMNC is ordered to produce documents responsive to the request without regard for whether the alleged harasser was a supervisor at the time of the alleged act. Records to be produced include, documentation of verbal or written complaints of sexual assault or sexual harassment at ABMNC work sites within the Eastern District made since January 1, 2000, interview notes, affidavits, witness statements, final and draft recommendations pertaining to the complaints or any resulting investigation, and any records relating to documentation of any resulting discipline issued to any accused harasser or to the accused harasser's supervisors.

3. As to Request number 3, ABMNC is ordered to produce documents responsive to the request without regard for whether the alleged harasser was a supervisor at the time of the alleged act. Records to be produced include, documentation of the Hotline

complaints of sexual assault or sexual harassment at ABMNC's work sites within the Eastern District made since January 1, 2000, all records related to call logs, interview notes, affidavits, witness statements, final and draft findings, any reports of any resulting investigations, any final or draft recommendations resulting from the complaints or any related investigations, and any records relating to documentation of any resulting discipline issued to any accused harasser or to the accused harasser's supervisors.

4. As to either production, ABMNC must produce a privilege log as to the documents that are subject to the attorney-client privilege or the attorney work product privilege.

5. In producing the documents described above, the names of the complainants are to be redacted so that only the first initials of the first and last names appear unless the complainant is a claimant in this current litigation. All other personal identifiers of the non-claimant, complainants including, but not limited to, social security numbers, drivers license numbers, addresses, phone numbers and the like are to be redacted in full.

6. In producing the documents described above, the names of the alleged harassers are to be redacted so that only the first initials of the first and last name appear unless the harasser alleged in the documents to be produced is also alleged to be a harasser in this current litigation. As to those alleged harassers who are not identified in this current litigation, all of their other personal identifiers including. but not limited to, social security numbers, drivers license numbers, addresses, phone numbers and the like are to be redacted in full.

7. The motion is DENIED in all other respects.

8. Not later than ten (10) days from the date of service of this Order, the parties shall submit a stipulated form of protective order for the Court's consideration as to any complainant/claimant or alleged harasser whose name appears in full.

///

///

///

9. Not later than twenty (20) days from the date of service of this Order, Defendants shall identify and produce all documents as provided in this Order.

IT IS SO ORDERED.

Dated: **February 4, 2010**                                     **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE