# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>             Plaintiff-Intervenors<br>    v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>             Defendants. | 1:07-cv-01428 LJO JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART EEOC'S MOTION TO EXTEND THE NON-EXPERT DISCOVERY AND TO MODIFY THE SCHEDULING ORDER TO ALLOW THE PARTIES TO TAKE UP TO 40 DEPOSITIONS<br><br>(Doc 148) |

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") seeks an order extending the non-expert discovery deadline by 60 days and allowing the parties to take up to 40 depositions. (Doc. 148) The defendants oppose this motion. On February 1, 2010, the Court heard argument regarding this motion. The Court has read and considered the pleadings and arguments of counsel and makes the following ruling.

///

1

**Factual and Procedural Background**

On September 28, 2007, the EEOC initiated this action against Defendants ABM Industries, Inc. and ABM Janitorial Services, Inc. (Doc. 1.) ABMNC was added as a defendant through the First Amended Complaint filed on July 17, 2009. (Doc. 118.) In short, the EEOC's alleges that the defendants (referred collectively here as "ABM") engaged in a unlawful pattern and practice of sexual harassment and that ABM provided a hostile work environment. (Id.)

In the current motion, the EEOC seeks to extend the non-expert discovery by 60 days due to its request to expand the number of depositions that each party may take to 40. ABM opposes this motion.

**Analysis**

**A.  Modification of the Scheduling Order**

Federal Rules of Civil Procedure 16(B)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." This "good cause" standard considers, primarily the diligence of the party seeking the amendment and, although prejudice to the party opposing the motion is a consideration, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." Id.

At issue in this current motion are two modifications; to extend the non-expert discovery deadline by 60 days and to expand the number of depositions that each party may take to 40. The joint statement makes clear that the EEOC believes that the extension of the discovery deadline is needed only if it is given the authority to take the additional depositions. (Doc 148 at 12:6-9)

**1.  Motion to expand the number of depositions to 40 per party**

The EEOC seeks to increase the number of deposition it may take from 20 to 40. It is somewhat unclear how many depositions have been taken by the EEOC thus far or the identity of past deponents. The joint statement indicates that the "EEOC has taken six depositions including harassers, managers, witnesses and two human resources representatives." (Doc 148 at 7) The joint statement indicates also that the EEOC "has already noticed the depositions of some of the harassers and intends to schedule further depositions before the February deadline." (Doc. 148 at 12) The joint statement then reports,

"with its 20 depositions, EEOC will likely depose six newly identified harassers, seven fact witnesses who are ABM supervisors, and one Rule 30(b)(6) witness." (Doc. 148 at 14:10-11) On the other hand, ABM indicates that the EEOC has noticed only 18 depositions. (Doc. 148 at 20:26-28)

The EEOC complains that the identified "deposition schedule seriously prejudices the EEOC because the EEOC would not be able to depose all of the harrassers, much less all of the pertinent witnesses for its case in chief."[1] (Doc. 148 at 14:12-15) The EEOC lists 16 to 18 additional deponents without setting forth, except in the most general of terms, the identities of these deponents or the relevance of the information that they would provide. (Doc. 148 at 14:16-15:2) Finally, the EEOC requests "a reserve of 2-4 depositions." Id.

The EEOC justifies the need for additional depositions based upon the number of witnesses identified in its own Rule 26 disclosure.[2] (Doc 148 at 13:11-13) However, "The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual. Advisory Committee's Notes to the 1993 amendments to Rule 26 highlight that a brief synopsis of 'the general topics on which [persons identified] have information . . . will assist other parties in deciding which depositions will actually be needed.'" Dixon v. Certainteed Corp., 164 F.R.D. 685, 692 (D.Kan. 1996). Moreover, although the number of identified claimants has increased from 8 to 21, the bulk of this increase occurred by May 22, 2009 when the EEOC incrementally with 18 identified them to ABM. (Doc. 148 at 9:18-21) This was two months *before* the Scheduling Conference

---

[1] At the hearing on the motion, counsel for the EEOC indicated that the next day it would take the deposition of a former attorney of ABM for the purpose of establishing that the EEOC had engaged in the conciliation process. In light of the fact that ABM concedes in the joint statement in a companion discovery dispute that it underwent conciliation with the EEOC in this matter (Doc. 144p. 3n. 2), the Court is concerned about the criteria the EEOC has employed in deciding whether to take a deposition and which depositions to take. "It is important for all parties to understand that prior to taking any deposition they must always assess whether or not a deposition of that witness is truly necessary, based in part upon the time and expense that even a single deposition incurs for all parties involved." Smith v. Ardew Wood Products, 2008 U.S. Dist. LEXIS 93855, *4 (W.D. Wash. 2008).

[2] At hearing, the Court attempted to clarify with the EEOC as to which of these witnesses were adverse to the EEOC's case but counsel was unable to do so.

3

on July 27, 2009.[3] It is unclear, therefore, why the EEOC feels that the addition of 3 claimants since that time, warrants doubling the number of depositions.

Rather than making a particularized showing of why the additional discovery is necessary, the EEOC provides only a conclusory statement that the testimony from these witnesses "will neither be duplicative, cumulative, nor obtainable from other discovery sources since previously deposed witnesses could not and have not been able to testify about the information these additional witness will be able to provide." (Doc. 148 at 15) This is not sufficient. Smith v. Ardew Wood Products, 2008 U.S. Dist. LEXIS 93855, *2-3 (W.D. Wash 2008); Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996). A mere assertion that a party "should not have to face trial witnesses without having first deposed them does not amount to a particularized showing as contemplated by the Rule 30(a)(2)(A)." Smith, at *4. In addition, the EEOC asserts that the "ABM supervisor fact witnesses will have personal knowledge about what occurred at their respective work sites, whether the claimants complained or attempted to complain about the sexual harassment, whether they knew or should have known about the harassment, and whether ABM took remedial action in response to any complaints." (Doc. 148 at 15) However, other than Jim Dremel, the Court cannot determine from the EEOC's submission, which of the proposed deponents the EEOC claims are "ABM supervisor fact witnesses." Therefore, this additional information is of meager help.

Likewise, the case cited in support of the motion, Byrd v. District of Columbia, 259 F.R.D. 1, 5 (D. D.C. 2009), provides little assistance to the EEOC. In Byrd, the plaintiffs sought to add several depositions over the presumptive limit set by Federal Rules of Civil Procedure 30 and over that to which the defendants agreed. Id. The plaintiffs supported their request for the additional depositions with declarations that set forth the information that was expected to be received from each proposed deponent and why the defendant's objections to them, as cumulative or duplicative, were unfounded. Id. at 5-6.

Nearly without exception, the EEOC has failed to set forth any *facts*, rather than mere conclusory

---

[3]The Scheduling Conference Order does not indicate that the parties agreed to alter the limitations of Fed. R. Civ. P. 30(a)(2)(A)(I). (Doc. 121 at 2:19-3:3) However, based upon the representations of the parties in the joint statement, it appears that the parties have entered into a stipulation for the parties conduct 20 depositions. (Doc. 148)

4

statements, that would justify doubling the number of depositions to 40. Moreover, in reviewing the EEOC's fourth Rule 26 disclosure submitted in support of the motion, the descriptions of the evidence to be gleaned from each witness evidence provide no clarity.[4] On the other hand, in the joint statement, ABM provides a chart analyzing the expected testimony from each witness identified by the EEOC and argues that none are justified. (Doc. 148 at 20-27)

### i. Two unnamed, alleged "Fresno harassers"

The EEOC seeks to depose "two additional Fresno harassers" and asserts that it expects to obtain their account of the alleged harassment. (Doc. 148 at14-15). Although the Court is concerned that the EEOC has not identified these deponents by name, the Court concludes that these two depositions are relevant and are not likely to be cumulative or duplicative. Likewise, based upon the fact that the EEOC alleges that these two witnesses have engaged in this unlawful behavior, there appears to be no other lesser expensive or burdensome manner to obtain this information. Therefore, the EEOC's motion to take two additional depositions of two "additional Fresno harassers" is GRANTED.

### ii. Ana Esquivel and Erin Andre

The EEOC asserts that Ms. Esquivel is the ABM Northern California Vice President of Human Resources and that Erin Andre is the "Human Resources officer" for that defendant. (Doc. 148 at14) The EEOC does not identify the evidence it expects to obtain from either witness. To the contrary, the declaration of Laura Hayward indicates that both work, instead for ABM Industries which is the parent company of ABM Janitorial Services – Northern California. Likewise, ABM indicates that the person who is the true human resource manager for the direct employer, Tom Cazale, has been deposed. Therefore, the Court finds that deposition of these two witnesses would be cumulative and duplicative and, therefore, the motion to depose these witnesses is DENIED.

### iii. Vellita Johnson

The EEOC describes Ms. Johnson as "an ABM Human resources employee who investigated

---

[4]The EEOC appeared to use five standard "blurbs" to describe the expected testimony. Listed on this disclosure are all but four of the proposed deponents identified in the joint statement. Clearly, this recitation militates against a conclusion that the testimony is not duplicative and cumulative.

5

harassment." (Doc. 148 at 14) ABM clarifies that Ms. Johnson "was involved in an investigation" stemming from a complaint from a third-party about an incident that occurred at a customer's job site. Id. ABM notes that the complainant has not been identified by the EEOC as a witness in this case and that the investigation occurred at the direction of counsel for ABM. Id. The EEOC does not counter ABM's account of the situation.

From the scant information provided, the Court cannot determine whether the investigation related to sexual harassment nor whether, if there was sexual harassment, that it was perpetrated by an employee of ABM or, for that matter, whether an ABM employee was the victim of it. In short, on the evidence presented, the Court cannot determine that this deposition would not be cumulative or duplicative. Therefore, the EEOC has failed to meet its burden of justifying the additional depositions and its request to depose this witness is DENIED.

### iv. Jim Dremel

The EEOC indicates that Mr. Dremel is "a former ABM manager in Bakersfield" but offers no information as to his expected testimony. (Doc. 148 at 14.) ABM asserts that the EEOC has taken the deposition of two ABM managers who were stationed in Bakersfield at the time of the "key events." (Doc. 148 at 22-23) The EEOC does not dispute this assertion. Therefore, on the evidence presented, the Court finds that this deposition would be cumulative and duplicative. Therefore, the EEOC's request to depose this witness is DENIED.

### v. The Priest at Valley Bible Church

The EEOC indicates that this deponent was "a witness to harassment and ABM's response to harassment." (Doc. 148 at 14) ABM indicates that the Priest did not witness any harassment but, instead, received a letter from a person who claimed to witness an act of harassment. (Doc. 148 at 24) ABM reports that it sent the Priest a letter outlining its response to the complaint and that this letter has been produced to the EEOC and its author has been deposed.[5] Id. Once again, the EEOC does not dispute ABM's account on this point. Therefore, on the evidence presented, the Court finds that this

---

[5] The letter was attached to the deposition of Mr. Steiner and produced here by ABM but the poor quality of the copy makes it impossible for the Court to read.

deposition would be cumulative and duplicative. Therefore, the EEOC's request to depose this witness is DENIED.

### vi. Sylvia Challeunrath

The EEOC asserts that Ms. Challeunrath is "ABM's person who interviewed potential harassment victims." (Doc. 148 at 14.) ABM confirms that Ms.Challeunrath interviewed the alleged victim of this event of harassment that occurred at Valley Bible Church. (Doc 148 at 25) Ms. Challeunrath summarized the interview in an e-mail sent to Tom Cazale and Ric Steiner, who oversaw the interview. Id. Excerpts from the depositions of Cazale and Steiner indicate that Ms, Challeunrath merely acted as a Spanish language translator and, in fact, that Mr. Cazale gave her a list of questions to ask. Once again, the EEOC does not dispute ABM's account this witnesses' involvement.

Without some representation that, for example, Ms. Challenurath did not correctly report what was told to her by the interviewee(s) or that there is some other information to be gathered from this witness, and in light of the information provided by ABM, the Court has no basis upon which to conclude that this deposition would not be cumulative or duplicative. Therefore, the EEOC's request to depose this witness is DENIED.

### vii. Eduardo Huerta and Johann Mendel

As to each of these deponents, the EEOC asserts that they have information about "intimidation." Who the EEOC claims has been intimidated or by whom is not explained. (Doc 148 p. 14) Also, the EEOC has failed to describe the relationship of these witnesses to the litigation.

On the other hand, ABM indicates that it is not aware of any "witness intimidation" and that no witness deposed thus far has indicated that intimidation has occurred. (Doc. 148 at 24-25)The EEOC does not dispute ABM's assertion that ABM is unaware of any evidence of witness intimidation.

Also, the EEOC has failed to provide the necessary information to allow the Court to make a determination about whether the evidence sought from these witnesses justifies a departure from the Scheduling Order and Federal Rules of Civil Procedure 30(a)(2)(A). Moreover, the Court has no evidence upon which it may conclude that the EEOC cannot obtain this information through other, lesser expensive and burdensome means, such as obtaining a statement or recorded interview from the

1 | witnesses. Therefore, the motion to depose these witnesses is DENIED.

      **viii.**   **Scott Stevenson**

The EEOC asserts that Mr. Stevenson is "a fact witness to harassment." (Doc. 148 at 14.) ABM clarifies that Mr. Stevenson was the author of the letter to the Priest at Valley Bible Church related to an incident that occurred at the church to which Stevenson was a witness. (Doc. 148 at 24-25.) ABM concludes that because the letter was written five years ago, Stevenson's memory is not as reliable as the letter he wrote. Id. Even if true, this does not support ABM's claim that the testimony would be cumulative or duplicative.

On the other hand, the EEOC is required to demonstrate that "less expensive and burdensome means of discovery [are unavailable] before resorting to a request for relief from Rule 30's restrictions." Smith, at *3-4. The EEOC has not explained why other, lesser expensive and burdensome means, such as obtaining a statement or recorded interview from Mr. Stevenson would not provide the information that it seeks. Given this failure, the motion to depose this witness is DENIED.

      **ix.**   **Natalie Vasquez, Abel Vasquez, Eloy Garcia, Alexis Vasquez, Jennifer Howard Vasquez and Sonia Vasquez**

The EEOC seeks depositions of three of this group of six witnesses who "are fact witness [sic] to policy violations. (Doc. 148 at 14) The EEOC does not clarify what policy or policies are at issue. Id. ABM assumes that the EEOC is referring to Jose Vasquez's practice of hiring family members in violation of ABM's nepotism policy and hiding his relationship to these employees from ABM. (Doc 148 at 25-26. Assuming the nepotism policy is the one that EEOC contends is at issue, the excerpt from Jose Vasquez's deposition indicates that he has admitted taking this action. The EEOC does not describe the new or different evidence it expects to obtain from any of these other witnesses.

Finally, the EEOC has failed to explain how a violation of the nepotism policy supports any element of its case or bears on the issues raised in the First Amended Complaint. Given these failures, the motion to depose these witnesses is DENIED.

      **x.**   **"Two Pelco managers"**

The EEOC seeks to depose "two Pelco managers who are fact witnesses to the Fresno sexual

assault." (Doc. 148 at 14) The EEOC does not clarify what or who Pelco is and the Court presumes that this is a janitorial customer of ABM. ABM's information in the joint statement implies that there was an incident of sexual harassment at Pelco but that the alleged victim is not a complainant in this case. The joint statement does not make clear whether the alleged harasser is an employee of ABM, although the Court assumes that this is the situation. Given this assumed factual situation, information gathered from Pelco managers could bear on the allegations of "pattern and practice."

If the Court's assumption is true, that Pelco is a third-party, the EEOC has failed to explain why other, lesser expensive and burdensome means, such as obtaining a statement or recorded interview from the "two Pelco managers" would not provide the information that the EEOC seeks. On the other hand, the fact that the Court must make assumptions about the factual situation makes clear that the EEOC has failed to meet is burden on the motion. Therefore, the motion to depose these witnesses is DENIED.

### xi. "Reserve of 2 to 4"

The EEOC seeks authority to take the depositions of two to four other, unidentified witnesses. (Doc. 148 at 14-15) Because the EEOC fails to identify these witnesses or the substance of their expected testimony, the Court cannot conclude that their testimony would <u>not</u> be cumulative or duplicative. The motion to depose these witnesses is DENIED.

## 2. Motion to continue the non-expert discovery by 60 days

Based upon the Court's determination of the scope of the permissible, additional depositions set forth above, the Court finds no good cause to extend the non-expert discovery cut-off by 60 days. However, to allow time to complete the depositions authorized by this order but to minimize the impact on expert discovery, the Court GRANTS the motion to extend the non-expert discovery to February 26, 2010.

### ORDER

Based on the foregoing, the Motion to Compel Responses to Plaintiff's Requests for Production of Documents (Doc. ) is GRANTED IN PART and DENIED IN PART as follows:

1. The EEOC is GRANTED leave to take the depositions of the "two additional Fresno harassers." If these two depositions can be taken within the 20 depositions that were

previously authorized, no additional depositions are authorized. The EEOC is ordered to identify to ABM in writing the names of the "two additional Fresno harassers" so that ABM receives this information no later than noon on February 9, 2010. The parties are ordered to complete the depositions of these two witnesses no later than February 26, 2010.

2. In all other respects, the EEOC's motion requesting authorization to take 40 depositions, is DENIED.

3. The parties are given until February 26, 2010, to complete the depositions authorized by this order. In all other respects, the EEOC's motion to extend non-expert discovery is DENIED.

IT IS SO ORDERED.

Dated: **February 5, 2010**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE