UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARIA SOTO,

        Plaintiff,

  v.

GREYHOUND LINES, INC. et al.,

        Defendants.

No. 2:06-cv-01612-MCE-DAD
*(Consolidated cases)*

MEMORANDUM AND ORDER

----oo0oo----

Through this action and consolidated cases, Plaintiffs seek redress for injuries sustained during an automobile accident on July 1, 2005. Presently before this Court is a Motion by Defendant Enterprise Rent-A-Car of Oregon ("Defendant") requesting leave to modify the PreTrial Scheduling Order ("PTSO") by extending the time period for filing of dispositive motions.[1] All dispositive motions were required by said PTSO to be filed by May 15, 2009.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

As per Federal Rule of Civil Procedure 16, the Court is normally required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Here, the final pretrial conference will not occur until May 6, 2010 (See Docket No. 172). Accordingly, a "good cause" standard applies when ruling on Defendant's Motion.

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Id. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. Id.

///
///
///
///

Defendant's Motion falls short of the sufficient "good cause" necessary to warrant modifying the PTSO. The touchstone of the "good cause" inquiry is diligence on the part of the Defendant, and here Defendant's actions exist in near contradiction to such a call. The Graves Amendment was enacted long before Defendant's dispositive motion deadline. Defendant was accorded fair and ample opportunity to raise the Graves Amendment as a defense against liability. The Court will not now bend its own rules simply because Defendant's counsel failed to timely discover this point of law.

It is unpersuasive that Defendant hired new counsel following the dispositive motion deadline. By agreeing to represent Defendant, counsel stepped into the shoes of its predecessor taking on all pre-existing responsibilities and mandates. The Court will not institute a rule in which hiring new attorneys becomes the basis upon which the Court's Orders may be modified. To do so would open the floodgates to a world of disgruntled parties seeking to side-step the deadlines of the Court by hiring replacement counsel. The PTSO exists to provide clear direction and control of the action. It will continue to do so in this case.

///
///
///
///
///
///
///

Accordingly, Defendant's Motion requesting leave to modify the PTSO (Docket No. 175) is DENIED.

IT IS SO ORDERED.

Dated: February 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE