IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>Plaintiff-Intervenors<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>Defendants. | 1:07-cv-01428 LJO JLT<br><br>ORDER GRANTING THE EEOC'S MOTION FOR PROTECTIVE ORDER REGARDING DEPONENT PERRY<br>(Doc. 187) |

Pending before the Court is a "Motion for Protective Order" brought by Plaintiff EEOC ("EEOC") against the defendants (referred collectively here as "ABM"). (Doc. 187). Plaintiff seeks an order preventing Defendants from deposing Olophius Perry, EEOC Los Angeles District Director. The Court held oral argument on this motion on March 2, 2010. After considering the moving and opposing papers and the argument of counsel, for the reasons set forth below, the Court GRANTS the motion for the protective order.

## BACKGROUND

Facts Generally

The EEOC initiated this action on September 28, 2007 against Defendants ABM Industries, Inc.

1

and ABM Janitorial Services, Inc. (Doc. 1.) ABM Janitorial Services-Northern California was added as a defendant through the EEOC's First Amended Complaint filed on July 17, 2009. (Doc. 118.) The amended complaint alleges that ABM engaged in a pattern or practice of subjecting Erika Morales and a class of other similarly situated individuals to a sexually harassing, hostile work environment and quid pro quo sexual harassment at various ABMNC work sites. (Id.) The complaint alleges further that ABM failed to exercise reasonable care to prevent and correct the sexually harassing behavior promptly. (Id.) Finally, the complaint alleges that Erika Morales and others similarly situated were constructively discharged for complaining about or rebuking the sexual harassment. (Id.)

<u>Facts Relevant to the Motion for Protective Order</u>

On February 2, 2010, the EEOC took the deposition of ABM's former Assistant General Counsel, Teuila Hanson. (Doc. 185, Ex. A; Doc. 187, Ex. 5). During questioning, the EEOC questioned Hanson about a letter sent to her dated December 13, 2006. (<u>See</u> Doc. 185, Ex. A at 35:4 - 37:2). The letter stated, in pertinent part:

> Dear Ms. Hanson:
>
> The charge referenced above represents extremely serious allegations. Pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(2), the EEOC is conducting an expedited investigation into this matter. During the course of the investigation, the EEOC has learned that Jose Vasquez, Supervisor of ABM Janitorial Services, Inc. in Bakersfield, has been convicted of rape by force and that he is registered in the State of California as a sex offender.
>
> We wish to raise this concern with you in light of the serious nature of the allegations raised not only by the Charging Party but by a number of other employees. The EEOC is asking that you take appropriate measures to ensure that employees are protected, up to and including, the removal of Mr. Vasquez from his position. Based on your knowledge of this information, should you decide to take no action, your liability could potentially increase. If no action is taken, the EEOC may consider alternative measures, including, but not limited to, a temporary restraining order.

(Doc. 185, Ex. B; Doc. 187, Ex. 4). In response to questioning, Hanson stated she did not have personal knowledge that Vasquez was a convicted sex offender but could not speak for anyone else connected to ABM. (<u>See</u> Doc. 185, Ex. A at 36:17 - 37:2).

On February 2, 2010, ABM noticed the deposition of Olophius Perry, Los Angeles District Director for the EEOC. (Doc. 185, Ex. C; Doc. 187, Ex. 2). On February 3, 2010, the EEOC filed an objection contending that deposing Perry "is not reasonably calculated to lead to the discovery of

admissible evidence," that the information sought is obtainable from other sources, and that the information sought from Perry is privileged. (Doc. 185, Ex. D; Doc. 187, Ex. 3).

**DISCUSSION**

**A.      Discovery Overview**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Proctor & Gamble, Co., 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute. Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states, in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 351 (1978), the Court evaluated the strictures posed by Rule 26 and held:

> The key phrase in this definition – "relevant to the subject matter involved in the pending action" – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. See Hickman v. Taylor, 329 U.S. 495, 501 (1947). [Footnote] Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Id. at 500-501. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. [Footnote]

(Footnotes omitted.) Rule 26(b)(2)(C) gives the Court the authority limit "discovery otherwise allowed by these rule or by local rule if . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Discovery should not be granted "if the information sought can have no possible bearing on the subject matter of the action." Snowden v. Connaught, 137 F.R.D. 325, 329 (D. Kan. 1991). Nevertheless, "[t]he party who resists discovery has the burden to show that discovery should not be

allowed, and has the burden of clarifying, explaining, and supporting its objections. <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 283 (C.D. Cal. 1998); <u>Nestle Foods Corp. v. Aetna Casualty and Surety Co.</u>, 135 F.R.D. 101, 104 (D. N.J. 1990).

**B.   The Court has the authority to issue a Protective Order Preventing the Deposition of a Witness under Certain Conditions**

Federal Rule of Civil Procedure 26(c) provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

The Rule allows "extensive control" over the discovery process by the Court and allows the Court to make "'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' (emphasis added). Thus, as Wright and Miller note, 'a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule.'" <u>United States v. CBS, Inc.</u>, 666 F.2d 364, 369 (9th Cir. 1982). A protective order is one such method of safeguarding information that otherwise would be subject to the broad reach of discovery. <u>Id.</u> at 368-369.

**C.   Defendants Cannot Establish that the Depositon of Director Perry is Reasonably Calculated to Lead to the Discovery of Admissible Evidence**

ABM contends that Plaintiffs have raised claims against them for negligence and that "in connection with this claim" they allege that ABM should have known that Jose Vasquez was a registered sex offender when he was hired (the conviction dates to 1987) and thereby breached a duty of care by hiring him. (Doc. 184 at 2). ABM further contends that Plaintiffs "will likely point to Mr. Perry's letter

4

to demonstrate that ABM knew or should have known that Jose Vasquez was a registered sex offender as of the date of the letter from Mr. Perry." (Id. at 5). As a result, ABM argues that Perry's testimony is "relevant to the issues of whether ABM is negligent in hiring Jose Vasquez, as Plaintiff - Interveners contend in their Complaint." (Id.)

The EEOC contends a protective order blocking Perry's deposition is warranted because the reasons offered by ABM for deposing him will not lead to the discovery of any admissible evidence. (Doc. 187 at 6). They note that Perry will not be called by them to testify at trial, and contend that nothing in the letter is intended to "address any duty regarding pre-employment criminal history inquiries." (Id.) Further, they contend, and this position was reiterated at oral argument, that neither Perry's or the EEOC's opinion on ABM's duty to check Vasquez status before hiring is relevant to resolution of this matter. Rather, ABM's conduct regarding Vasquez and other alleged harassers is a the ultimate question for a trier of fact to determine.

Upon review, the Court concludes that ABM has failed to demonstrate that deposing Perry is reasonably calculated to lead to the discovery of admissible evidence. ABM has failed to explain how Perry's views on ABM's legal duty of care with respect to hiring Jose Vasquez will lead to admissible evidence at trial. Simply put, the opinion of Perry or the EEOC itself as to ABM's duty in this regard has no bearing on ABM's liability in this matter. Rather, this is the ultimate question for the trier of fact based on the totality of evidence presented at trial.

In addition, the Court notes that ABM's attempt to depose Perry violates previous orders of the Court limiting the parties to 20 depositions each. ABM acknowledges this but argues that the Court should still permit the deposition of Perry because "his testimony is directly relevant to the heart of at least one of Plaintiffs' claims." (Doc. 184 at 6). For the reasons just stated, the Court disagrees. Moreover, when the EEOC previously moved to increase the number of depositions above the 20 allowed by the Court, this motion was vigorously opposed by ABM. (See Doc. 148 at 3-4, 17-20). Having opposed the EEOC's prior attempt to exceed the 20 deposition limit, ABM now seeks to do the same without filing a motion to modify the previous scheduling order or meeting the standards that modification would require.. This also weighs against permitting the deposition of Perry.

Accordingly, Plaintiff EEOC's Motion for Protective Order prohibiting ABM from deposing

Olophius Perry (Doc. 187) is GRANTED.

IT IS SO ORDERED.

Dated: **March 4, 2010**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE