IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER McINTOSH, | CASE NO. CV F 07-1080 LJO GSA |
| Plaintiff, | **ORDER ON WASCO'S MOTIONS IN LIMINE** |
| vs. | (Docs. 212-219.) |
| NORTHERN CALIFORNIA UNIVERSAL ENTERPRISES, INC., et al, | |
| Defendants. | |

Defendant City of Wasco ("Wasco") filed eight motions in limine, in which defendants Northern California Universal Enterprises Company, Inc. ("NCUE"), Lotus Developments, L.P. ("Lotus"), and Dennis W. DeWalt, Inc. ("DeWalt") joined. Plaintiff Roger McIntosh ("Mr. McItnsoh") opposed seven of Wasco's motions in limine. The parties' moving and opposition papers are clear. This Court needs no oral argument on Wasco's motions in limine. This Court issues the following rulings on Wasco's motions in limine and VACATES the February 12, 2010 hearing on Wasco's motions in limine.

**WASCO'S MIL[1] NO. 1 TO EXCLUDE EXPERT TESTIMONY AS TO SUBSTANTIAL SIMILARITY OF MAPS 5472 AND 6451**

Wasco, joined by DeWalt, seeks to exclude the testimony of Mr. McIntosh's civil engineer expert

---

[1] As used in the headings, "MIL" refers to motion in limine.

1

James Delmarter ("Mr. Delmarter") that Maps 5472 and 6451 are substantially similar in that Mr. Delmarter is unqualified to offer such opinion on an ultimate issue of law.

Wasco plays a game of semantics. Wasco does not argue that Mr. Delmarter is unqualified to opine as to "substantial conformance" of Maps 5472 and 6451 in civil engineering parlance. Wasco focuses on the copyright terminology of "substantial similarity." Wasco fails to demonstrate that Mr. Delmarter plans to testify as to substantial similarity in a legal sense. Mr. Delmarter's testimony is proper if limited to the civil engineering context of "substantial conformance." Mr. McIntosh offers Mr. Delmarter's testimony as to substantial conformance and extrapolates that testimony to argue substantial similarity. Wasco's points address the weight of Mr. Delmarter's testimony, not its admissibility. Wasco fails to substantiate that Mr. Delmarter is unqualified to offer his opinion which envelopes neither an ultimate issue nor a legal conclusion. Mr. Delmarter's opinion is neither irrelevant nor unfairly prejudicial.

***ORDER***

This Court DENIES the motion in limine.

**WASCO'S MIL NO. 2 TO EXCLUDE DAMAGES UNRELATED TO ALLEGED INFRINGEMENT**

Wasco, joined by DeWalt and NCUE, seeks to limit Mr. McIntosh's damages to the fair market value and infringer profits from the use of Map 5472 and the McIntosh improvement plans.[2]

The thrust of Wasco's motion attempts to limit Mr. McIntosh to actual damages/profits connected to Tract 5472. 17 U.S.C. § 540(a) and (b) permits him to seek such recovery. Wasco points to nothing concrete to suggest that Mr. McIntosh will seeks damages attributable to tracts other than Tract 5472. The fair market value for Mr. McIntosh's Tract 5472 work can be demonstrated by what Legacy Group, L.P., the original developer, agreed to pay. Evidence as to work for tracts other than Tract 5472 is irrelevant.

***ORDER***

This Court GRANTS the motion in limine insofar as to LIMIT evidence as to Mr. McIntosh's

---

[2] The "McIntosh improvement plans" refer to Mr. McIntosh's subdivision and landscape designs depicted in technical drawings which he claims are subject to his February 22, 2007 copyright registration certificate.

2

work for Tract 5472 only.

**WASCO'S MIL NO. 3 TO EXCLUDE EVIDENCE OF INFRINGEMENT AND DAMAGES AS TO McINTOSH IMPROVEMENT PLANS**

Wasco, joined by DeWalt, seeks to exclude evidence of infringement and damages as to the McIntosh improvement plans in that the plans are not subject to copyright registration and there is no evidence of damages in connection with the plans.

This motion in limine contradicts the position which Wasco took to oppose summary judgment. At summary judgment, defendants agreed that Mr. McIntosh's interests in the McIntosh improvement plans were subject to copyright protection.

Mr. McIntosh is entitled to a rebuttable presumption of valid copyright registration for the McIntosh improvement plans. "Under the copyright laws, the registration of a copyright certificate constitutes prima facie evidence of the validity of a copyright in a judicial proceeding . . ." *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997). "To rebut the presumption, an infringement defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Entm't Research Group*, 122 F.3d at 1217.

"[I]nadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless . . . the claimant intended to defraud the Copyright Office by making the misstatement." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997). The presumption of a registered copyright's validity may be overcome by "evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Entm't Research Group*, 122 F.3d at 1217.

A challenge to copyright registration invokes factual issues for the jury. Defendants are not prohibited to challenge Mr. McIntosh's copyright registration as to the McIntosh improvement plans.

***ORDER***

This Court DENIES the motion in limine.

**WASCO'S MIL NO. 4 TO EXCLUDE MR. McINTOSH'S ATTORNEY FEES**

Wasco, joined by DeWalt, seeks to exclude Mr. McIntosh's attorney fees given his belated copyright registration.

17 U.S.C. § 412 precludes attorney fees as to "(1) any infringement of copyright in an

unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."

Mr. McIntosh concedes that 17 U.S.C. § 505 attorney fees are unavailable to him given that he delayed to register is copyright until February 2007. Evidence of attorney fees will be excluded given the parties' agreement that Mr. McIntosh is not entitled to attorney fees under 17 U.S.C. § 505. Attorney fees will reserved post-judgment depending on the jury's verdict.

***ORDER***

This Court GRANTS the motion in limine to EXCLUDE evidence of attorney fees at trial.

**WASCO'S MIL NO. 5 TO EXCLUDE IMPACT FEES**

Wasco seeks to exclude evidence of its subdivision impact fees as profits recoverable under 17 U.S.C. § 504.

17 U.S.C. § 504(b) is "expansive enough to afford parties an indirect profits remedy under certain conditions." *Mackie v. Rieser,* 296 F.3d 909, 914 (9th Cir. 2002). A "copyright holder must establish the existence of a casual link before indirect profits damages can be recovered." *Mackie*, 296 F.3d at 914.

17 U.S.C. § 504(b) "creates a two-step framework for recovery of indirect profits: (1) the copyright claimant must first show a causal nexus between the infringement and the gross revenue; and (2) once the causal nexus is shown, the infringer bears the burden of apportioning the profits that were not the result of infringement." *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004). "Thus a copyright owner is required to do more initially than toss up an undifferentiated gross revenue number; the revenue stream must bear a legally significant relationship to the infringement." *Polar Bear Productions*, 384 F.3d at 711. "To recover indirect profits, Plaintiff must establish a causal relationship between the infringement and the profits generated indirectly from such infringement." *Polar Bear Productions,* 384 F.3d 714, n. 10.

Wasco treats impact fees as a legal issue for this Court's determination. The impact fees are potential indirect profits from alleged infringement. Wasco raises valid points that its impact fees are tied to actual costs of particular infrastructure or services. However, such points reflect factual issues

4

for jury determination. Although Wasco is entitled to argue that impact fees are not profits, this Court is not in a position to make a factual finding that they are not recoverable profits.

***ORDER***

This Court DENIES the motion in limine.

**WASCO'S MIL NO. 6 TO EXCLUDE EXPERT TESTIMONY OF SUBSTANTIAL SIMILARITY BASED ON LOT CONFIGURATIONS, STREET NAMES, TRACT BOUNDARIES AND LOT NUMBERS**

Wasco, joined by DeWalt, seeks to exclude testimony of Mr. McIntosh's civil engineer expert James Delmarter ("Mr. Delmarter") that Maps 5472 and 6451 are substantially similar based on shared lot configurations, street names, subdivision tract boundaries and lot numbering which Wasco characterizes as non-copyrightable elements.

In short, Wasco seeks a ruling as a matter of law that Maps 5472 and 6451's shared similarities in lot configurations, tract boundaries, street names and lot numbering are not evidence of substantial similarity. Wasco's points address the weight, not admissibility, of Mr. Delmarter's opinion. Mr. McIntosh does not intend to establish substantial similarity based solely on Maps 5472 and 6451's shared similarities in lot configurations, tract boundaries, street names and lot numbering. Such matters are factual issues which arguably contribute to substantial similarity. Defendants may argue that they do not.

***ORDER***

This Court DENIES the motion in limine.

**WASCO'S MIL NO. 7 TO EXCLUDE CONVERSATION WITH UNIDENTIFIED WASCO EMPLOYEE THAT DEFENDANTS USED THE McINTOSH IMPROVEMENT PLANS**

Wasco, joined by NCUE, seeks to exclude Mr. McIntosh's testimony that a Wasco employee told Mr. McIntosh that defendants used and/or relied on the McIntosh improvement plans.

Wasco anticipates that Mr. McIntosh will attempt to testify that in November 2006, a Wasco Public Works Department employee, whom Mr. McIntosh identified has the "head of the corporation yard," told Mr. McIntosh that defendants used and/or relied on the McIntosh improvement plans to complete the subdivision. Mr. McIntosh attributes the employee to state that Joseph Wu, a NCUE/Lotus

1 principal, used the McIntosh improvement plans.

2 Mr. McIntosh is unable to identify the employee based on a list of employees at the Public Works
3 Department during December 1, 2005 to December 31, 2007.

4 Mr. McIntosh offers no credibility or trustworthiness for the purported employee comment about
5 use of the McIntosh improvement plans. The employee comment is inadmissible hearsay, and there is
6 no evidence that the employee had authority to bind Wasco.

7 This Court GRANTS the motion in limine to EXCLUDE evidence of Mr. McIntosh's
8 conversation with the Public Works Department employee.

**WASCO'S MIL NO. 8 TO EXCLUDE EVIDENCE OF WASCO'S EXTINGUISHMENT OF MR. McINTOSH'S MECHANIC'S LIEN ON TRACT 5472**

11 Wasco seeks to exclude evidence that Mr. McIntosh's mechanic's lien on Tract 5472 for work
12 performed during its original development was extinguished by Wasco's tax sale purchase of Tract 5472
13 in 2002.

14 The parties agree that details of the City's acquisition of Tract 5472 and extinguishment of Mr.
15 McIntosh's mechanic's lien are irrelevant to warrant exclusion of such evidence.

16 This Court GRANTS the motion in limine to EXCLUDE evidence of the mechanic's lien
17 extinguishment.

**ORDER AS TO DUTY OF COUNSEL**

19 Counsel are cautioned against filing motions for reconsideration without legal prerequisites
20 firmly established. Failure of counsel to raise or articulate points or issues does not justify
21 reconsideration.

22 Counsel are discouraged from filing motions "for clarification" when such motions are nothing
23 more than a statement of disagreement with the Court's ruling and/or an attempt to modify the ruling.
24 Being surprised at the Court's ruling, no matter where the I.Q. chart's result lands, is not a basis for such
25 a motion.

26 During trial, the parties' counsel shall meet with the Court each morning prior to jury arrival to
27 address evidentiary issues and disputes. The jury will **NOT** be kept waiting. The Court will rule on
28 matters to the extent possible prior to commencement of trial each day out of the jury's presence. If such

ruling depends on receipt of testimony or other evidence, the Court will rule as appropriate upon the receipt of such testimony or evidence. If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing outside the jury's presence will be required, but should not expect such hearing while the jury waits in the jury room. Such hearings will take place before jurors arrive or after they depart.

Finally, should objections be made in front of the jury on a purported violation of a motion in limine ruling, counsel are expected to object stating the **LEGAL** ground, followed by reference to the number of the motion in limine (e.g., "Objection, relevance, violation of plaintiff's motion in limine no. 4.")

IT IS SO ORDERED.

**Dated:   February 10, 2010**                    /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE