1  BENJAMIN B. WAGNER
   United States Attorney
2
   G. PATRICK JENNINGS
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683
   Ben Franklin Station
5  Washington, D.C.  20044-0683
   Telephone:(202) 307-6648
6  Facsimile:  (202) 307-0054
   Guy.P.Jennings@usdoj.gov
7

8  Attorneys for the United States of America

9                IN THE UNITED STATES  COURT FOR THE

10                    EASTERN DISTRICT OF CALIFORNIA

11                                          )
   UNITED STATES OF AMERICA,                )  Case No. CIV-S-98-0442 FCD DAD PS
12                                          )
              Plaintiff,                    )
13       v.                                 )  **AMENDED ORDER OF JUDICIAL SALE**
                                            )
14  LEE D. WIGHT,                           )
    MARJORIE A. WIGHT,                      )
15  SKY ISLAND GROUP,                       )
    REPUBLIQUE TRUST COMPANY LTD.,          )
16  W.A.G./N.C.E. COMPANY,                  )
    AMERICAN SECURITIES COMPANY,            )
17  WELLS FARGO BANK,                       )
    TAHOE TITLE GUARANTY COMPANY,           )
18  GMAC MORTGAGE CORPORATION,              )
                                            )
19            Defendants.                   )
                                            )
20

21       A final judgment was entered by this Court in the above-entitled action on January 4,

22  2002, (Docket No. 165) ordering that the United States' federal tax liens be foreclosed and that

23  the subject property, described below, be sold pursuant to 28 U.S.C. § 2001.

24       The first parcel of the subject property is located at 2685 Plumbago Court, Rocklin,

25  California, situated in Placer County,  California, and is more particularly described as follows:

26       **Lot 108, "Sunset Country Club Unit No. 6", as shown on the map thereof
         filed in Book "H" of Maps, at page 22, Placer County Records.**
27
         The  second parcel of the subject property is located at 121 West Grass Valley Street,
28

Colfax, California, situated in Placer County, California, and is more particularly described as follows:

> **Commencing at the quarter corner on the North line of Section 3, Township 14 North, Range 9 East, MDB&M., and running thence south 83° 43' 30" East 884.66 feet thence South 77° 51' 15" East 231.58 feet to a point on the North line of Grass Valley Street at the Southeast corner of the parcel to be described hereby, the point of beginning, from which point the Southeast corner of lot 12, block 3, of the original town of Colfax bears South 77° 51' 15" East 499.45 feet; and running thence along the North line of Grass Valley Street North 77° 51' 15" West 49.58 feet; thence North 12° 08' 45" East 100.00 feet; thence South 77° 51' 15" East 70.46 feet; thence South 12° 08' 45" West 100.00 feet; thence North 77° 51' 15" West 20.88 feet to the point of beginning.**

(Hereinafter, collectively, the "Property.")

Accordingly, it is **ORDERED** as follows:

1. The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), (hereinafter reference to the Marshall or PALS shall also refer to his or her agents, officers, and representatives) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order and shall make the arrangements for any sale as set forth in this Order.

2. The Marshal or PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

    a. the sale of the Property shall be free and clear of the interests of defendants Lee D. Wight, Marjorie A. Wight, Sky Island Group, Republique Trust Company, Ltd., W.A.G./N.C.E. Company, American Securities Company, Wells Fargo Bank, Tahoe Title Guaranty Company, and GMAC Mortgage Corporation. The Property may be sold piecemeal if deemed to be in the best interest of the United States.

    b. the sale shall be subject to building lines, if established, all laws, ordinances,

1  and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

   c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

   d. the date and time for sale are to be announced by the United States Marshal or the PALS;

   e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Merced County, and, at the discretion of the Marshal or the PALS, by any other notice deemed appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

   f. The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal or the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the second highest bidder;

   g. the successful bidder(s) shall be required to deposit at the time of the same with the Marshal or the PALS a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check payable to the United States District Court for the Eastern District of California.

 Before being permitted to bid at the sale, bidders shall display to the Marshal or the PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

   h. the balance of the purchase price for the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the Eastern District of California". If the bidder fails to fulfill this requirement, the deposit shall

1  be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of Lee D. Wight and Marjorie A. Wight at issue herein.  The Property shall be again offered for sale under the terms and conditions of this order of sale.  The United States may bid as a credit against its judgment without tender of cash;

    i. the sale of the Property shall be subject to confirmation by this Court.  The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale, within 20 days from the date of receipt of the balance of the purchase price;

    j. on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser;

    k. on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

    l. on confirmation of the sale, the recorder of deeds for Placer County, California, shall cause transfer of the property to be reflected upon that county's register of title; and

    m. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

    4.  Until the property is sold, Lee D. Wight and Marjorie A. Wight shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the property. They shall neither commit waste against the property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the property nor cause or permit anyone else to do so.  The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5. All persons occupying the property, including Lee D. Wight and Marjorie A. Wight, and any relatives, shall leave and vacate the property permanently within 10 days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, including the use of reasonable force, whether or not the sale of such property is being conducted by a PALS. If any person fails or refuses to remove his or her personal property from the property by the time specified herein, the personal property remaining on the property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

1. To the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale, including any expense of maintaining the Property prior to sale;

2. To all taxes unpaid and matured that are owed to Placer County for real property taxes on the property;

3. To the secured claims of GMAC Mortgage Corporation and Wells Fargo Bank according to the Stipulations and Orders thereon filed with the court on May 8, 2000, and June 1, 2001, in the current balance according to proof;

4. To the United States of America to be applied to the federal tax liabilities of Lee D. Wight and Marjorie A. Wight for the taxable years ending December 31, 1983, 1984, 1985 and 1986, including tax, penalties, and interest, up to the amounts set forth in the judgment entered in this case, plus any interest accrued thereon.

**IT IS SO ORDERED.**

Dated: March 16, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE